IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES E. JONES,

      Petitioner,                    No. CIV S-09-2664 GGH P

    vs.

KATHY DICKINSON,

      Respondent.           ORDER
_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, convicted in Los Angeles County Superior Court in 1998 of kidnapping, robbery and carjacking counts and sentenced to an indeterminate life term, challenges his 2008[1] parole board denial in a nine-page petition. Petition. Petitioner claims that he was deprived of his liberty interest in parole in violation of his constitutional right to due process and equal protection in a parole denial predicated upon the commitment offense. Id.

        By Order, filed on October 15, 2009, the briefing schedule for the petition was set forth. After receiving an extension of time, by Order, filed on December 18, 2009, respondent

---

[1] Although it is clear that petitioner challenges a parole board decision denying him parole, he does not set forth the date of the parole denial; however, that is clarified in respondent's answer and attached exhibits. Docket No. 14.

filed an answer on January 19, 2010. Thereafter, instead of filing his reply/traverse pursuant to the briefing order, petitioner filed an amended petition of some 314 pages, on February 11, 2010. (Docket No. 15).

Under the relevant provision of Fed. R. Civ. P. 15(a)(1)(amended 2009 and effective as of December 1, 2009),[2] "[a] party may amend its pleading once as a matter of course... (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading...." In this instance, although the amended petition was file-stamped February 11, 2010, by application of the mailbox rule, it was filed on February 4, 2010,[3] within that 21 day period under amended Rule 15(a)(1)(B). Pursuant to amended Fed. R. Civ. P. 15(a)(3), "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

Although the court will accept the amended petition, petitioner must realize that his amendment will prolong adjudication of this case.

Accordingly, IT IS ORDERED that:

1. The instant order now supersedes the schedule in the briefing order filed on October 15, 2009 (Docket No. 8);

2. Should respondent wish to file an amended answer in response to the amended petition (Docket No. 15), it must be filed by March 12, 2010; and

\\\\\

\\\\\

---

[2] Under Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure may be applicable to habeas corpus proceedings "to the extent that they are not inconsistent with any statutory provisions or these rules...."

[3] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

1          3.  Should respondent file a timely amended answer, petitioner will have 21 days thereafter, or until April 2, 2010, to file a reply/traverse; similarly, should respondent elect to stand on the original answer (Docket No. 14), petitioner will have until April 2, 2010, to file any reply/traverse.

DATED: March 4, 2010                         /s/ Gregory G. Hollows

                                            GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE

GGH:009
jone2664.ord